*Eastern Dist.*
*January, 1839.*

PHILLIPS
*vs.*
CARR.

---

PHILLIPS *vs.* CARR.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

The maker of a note has an interest to show that his vendor handed it over to the payee and endorser to sue as a *bona fide* holder, and deprive him of the plea of failure of consideration. He has a right to interrogate the plaintiff on oath, if he is the true owner; and *to have the case* remanded for this purpose if it has been refused.

EASTERN DIST.
January, 1839.

PHILLIPS
vs.
CARR.

This is an action by the payee against the maker of a promissory note.

The defendant excepted and denied that the plaintiff was the legal owner of the note sued on; but that he was only the endorser thereon. He further pleaded a general denial, and that no amicable demand had been made; and also averred that the note was given in payment to one Barnett, for the price of horses and cattle, which, from various causes and defects, were of little or no value, and that the consideration had entirely failed, all of which was well known to the plaintiff before he received said note.

He further propounds interrogatories for the plaintiff to answer on oath.

1. Are you the legal owner of the note sued on?

2. What was the consideration of said note?

On motion of the plaintiff's counsel, the first interrogatory was struck out. The cause was then set for trial.

There is no evidence in the record, but the judgment states on its face, that having heard the whole evidence and arguments of counsel, it is decreed that the plaintiff recover the amount of the note, interest and costs. The defendant appealed.

*Watts* for the plaintiff, insisted upon an affirmance of judgment. The defendant was not entitled to the benefit of the interrogatory struck out; because the answer admits Phillips was an accommodation endorser. If the defendant did not mean to pay the note, but to contest it with his creditor, (the vendor) he was bound to give Phillips notice not to pay, and to offer him an indemnity, otherwise he is bound to pay the holder.

2. There is nothing in the pleadings which shows any defence against Barnett, the original creditor.

*M'Henry* for the defendant, contended that the court erred in not requiring the first interrogatory to be answered; and by allowing the cause to be set for trial before the second one was answered. A continuance was asked for, and should

have been granted. The case must, therefore, be remanded. <span style="float:right">EASTERN DIST.</span>
7 *Martin, N. S.,* 12. 3 *Louisiana Reports,* 261. 5 *ibid.,* 48., <span style="float:right">*January,* 1839.</span>
*Code of Practice,* 335. 1 *Martin, N. S.,* 194, 544. 5 *ibid.,* 70.

*Martin, J.,* delivered the opinion of the court.

This is an action by the payee of a promissory note. The defendant pleaded, that the plaintiff was not the owner of the note ; the general issue ; and the failure of consideration, to the knowledge of the plaintiff.

He prayed that the plaintiff might be ordered to answer, on oath, the two following interrogatories. 1st. Are you the owner of the note? 2nd. What was the consideration thereof? On motion of the plaintiff, the first interrogatory was stricken out by the court, and the second was not answered.

The defendant objected to the cause being set for trial, on the ground that the second interrogatory was not answered. The objection was overruled, judgment was given for the plaintiff, and the defendant appealed.

His counsel complains that the court erred in striking out the first interrogatory.

The answer alleges that the note was given to Barnett, as the consideration of a sale of horses, and that the plaintiff had no interest therein, but endorsed it merely as the surety of the defendant. That the horses proved worthless, from redhibitory vices and diseases, so that the consideration of the note failed.

The defendant had an interest to show that Barnett, the vendor, was still the owner of the note, and that he had handed it over to the plaintiff to bring suit thereon as a *bona fide* holder, and thus deprive the defendant of the plea of failure of consideration.

The refusal or neglect of the plaintiff to answer the second interrogatory, presented no objection to the cause being set down for trial. The defendant's counsel has not contended that this refusal or neglect was an admission of the absence of consideration, and entitled him to judgment; had he

*Margin note:* The maker of a note has an interest to show that his vendor handed it over to the payee, and endorser, to sue as a *bona fide* holder, and deprive him of the plea of failure of consideration. He has a right to interrogate the plaintiff on oath, if he is the true owner, and to have the case remanded for this purpose if it has been refused.

EASTERN DIST. done so, the case would have presented a question, the
January, 1839. consideration of which his silence relieves us.

MORGAN
vs.
YARBOROUGH.      It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, the first interrogatory reinstated, and ordered to be
answered, and the case remanded for further proceedings
according to law; the plaintiff and appellee paying the costs
of the appeal.